# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-026V
Filed: April 23, 2015

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ELAINE STOUT, | |
| Petitioner, | Damages Decision Based on Proffer; Influenza ("flu") vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Michael McLaren*, Black McLaren Jones Ryland & Griffee, Memphis, TN, for petitioner.
*Gordon Shemin*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On January 9, 2015, Elaine Stout filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of an Influenza ("flu") vaccination on January 10, 2013, petitioner suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On April 15, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation. On April 22, 2015, respondent filed a proffer on award of compensation ("Proffer") detailing compensation for all elements of compensation to which petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

would be entitled under §15(a).  According to respondent's Proffer, petitioner agrees to the proposed award of compensation.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $79,444.74 in the form of a check payable to petitioner.**

This amount represents compensation for all damages that would be available under §15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Denise K. Vowell</u><br>
**Denise K. Vowell**<br>
**Chief Special Master**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| ELAINE STOUT, | ) | |
| Petitioner, | ) | No. 15-26V |
| | ) | Chief Special Master Vowell |
| v. | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| Respondent. | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.     Items of Compensation**

For purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report, filed on April 15, 2015, conceding entitlement in this case.  Based upon the evidence of record, respondent proffers that petitioner should be awarded $79,444.74, consisting of $1,944.74 in past unreimbursable expenses and $77,500.00 in pain and suffering.  This represents all elements of competition to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a) for her vaccine-related injury.[1]  Petitioner agrees.

**II.    Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment described below, and request that the Special Master's decision and the Court's judgment award the following:

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

    A.     A lump sum of $79,444.74 in the form of a check payable to petitioner, Elaine Stout. This amounts accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

                              Respectfully submitted,

                              BENJAMIN C. MIZER
                              Principal Deputy Assistant Attorney General

                              RUPA BHATTACHARYYA
                              Director
                              Torts Branch, Civil Division

                              VINCENT J. MATANOSKI
                              Deputy Director
                              Torts Branch, Civil Division

                              MICHAEL P. MILMOE
                              Senior Trial Counsel
                              Torts Branch, Civil Division

                              /s/ Gordon Shemin
                              GORDON SHEMIN
                              Trial Attorney
                              Torts Branch, Civil Division
                              U.S. Department of Justice
                              P.O. Box 146
                              Benjamin Franklin Station
                              Washington, D.C.  20044-0146
                              Phone:   (202) 616-4208
Dated:  April 22, 2015                Fax:       (202) 353-2988